■ GREEN POINT SAVINGS BANK, Appellant, v VIOLET MILLER et al., Defendants, and IRVING ROSENTHAL, Respondent.—In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (DiNoto, J.), dated March 22, 1990, which granted the motion of the defendant Irving Rosenthal to vacate a default judgment against him dated September 21, 1989, and (2) an order of the same court, dated July 12, 1990 which denied its motion to renew and reargue the prior motion by the defendant Irving Rosenthal to vacate the default judgment against him, and for leave to serve an amended complaint.

Ordered that the appeal from the order dated March 22, 1990, is dismissed as abandoned; and it is further,

Ordered that the appeal from so much of the order dated July 12, 1990, as denied that branch of the motion which was for reargument is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated July 12, 1990, is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

This action was commenced by the Green Point Savings Bank against the defendants to foreclose a first mortgage securing a loan to the defendant Violet Miller.

Subsequently, the plaintiff obtained a default judgment

against the defendants. However, the judgment included a sum for additional interest after default upon the mortgage, which was not pleaded in the complaint. Thereupon, the respondent moved to vacate the default judgment as against him. While that motion was pending, Violet Miller commenced bankruptcy proceedings, thereby effectively staying further proceedings against her. Thereafter, the Supreme Court, by order dated March 22, 1990, vacated the default judgment as against the respondent, granted him leave to interpose a late answer, and restored the matter to the trial calendar.

The plaintiff then moved for reargument and renewal, or, in the alternative, for leave to serve an amended complaint alleging the additional interest included in the judgment. By order dated July 12, 1990, the Supreme Court denied the motion in its entirety, and this appeal followed.

The court properly treated the plaintiff's motion as one for renewal and reargument, rather than a motion to vacate the prior order dated March 22, 1990. The new evidentiary material submitted on the motion was insufficient to justify granting renewal. Furthermore, the court, in the exercise of its discretion, properly denied the plaintiff's application for leave to serve an amended complaint. Eiber, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.